Good morning. Good morning. May it please the clerk, Dan Grault representing Virginia and Robert Kelly, and I'd also like to recognize Mr. Kelly in the gallery. The policies of corporate manufacturers for dispute resolution wind up having a substantial impact on end-use consumers. Could you speak up a little bit for him? I'm having a little trouble. Policies of corporate manufacturers for dispute resolution affect end-use consumers. The consumer good in this case is a recreational vehicle that was disclosed to be used for a principal residence for people during their retirement. Plaintiffs took this through a binding arbitration and under a UCC remedy that was imposed upon them by Fleetwood, the manufacturer. The issue that Mr. and Mrs. Kelly are seeking to have a jury determine is whether or not there was a good faith belief on behalf of Fleetwood that this motor home was ever repaired. That is the predominant issue because during the course of those dispute resolution procedures, they incurred some $27,000 in illegal binding arbitration and during that period they had their retirement withheld from them for a period of 18 months. Okay, can we just walk through the statutory? I just want to understand the structure. Under the Magnuson Act, you had the option of suing in state court for a Magnuson Act violation or in federal court, correct? You could have stated a claim under the Magnuson Act because I think it provides that you can sue either in federal or state court. There are subject matter jurisdiction limitations on federal court. I'm talking about state court because this is where you started out in state court. We started out in state court. And you did not bring it as a Magnuson Act case, correct? No, we did not. And you did not sue Fleetwood Enterprises? No, we did not. Okay, so now what we're looking at in here is a case brought in federal court under the Magnuson Act against Fleetwood Enterprises. Correct, Your Honor. Correct, okay, so now what you're looking for, at least if you're talking about attorney fees, is something that is for if you prevail under a claim brought under the Magnuson Act. So you'd have to prevail in this claim, correct? Those would be in addition to the damages that we're seeking as attorney fees for substantive damages. Okay, so you're arguing that the attorney fees are part of what you had to incur to enforce the warranty in state court. Correct, Your Honor. Okay, so then my next question is, if that's the case, that totals up to $27,000, right? That gets you to $27,000 of the $50,000 you need. Correct, Your Honor. Okay, so to prevail in the federal court, you'd have to establish that the retirement damages you claim are, in fact, recoverable under Oregon law. Not under Oregon law. Under federal law? Under federal law. Okay, under federal law, and that you could also get punitive damages. Correct, Your Honor. Or you could get punitive damages. Correct, Your Honor. Okay. Our subject matter jurisdiction damages are the inconvenience over the 18-month period. Right, so in other words, if we were to disagree with you that the deprivation of enjoyment is actually characterized as a personal injury claim, which is not recoverable, would you meet the statutory threshold? The issue of punitive damages would still exist, but if we disregard the punitive damages and the exclusive damages that are being claimed would be the attorney fees and the inconvenience or loss of retirement, the answer to your question would be yes. You would not meet the requirement without the personal injury or the retirement damages. Right, so it seems that whether you can get, as part of your substantive damages and part of your claim, the attorney's fees is somewhat of a novel issue. It's a novel, but it's not controlling as the subject matter, correct, Your Honor? Right. Not all by itself. Not all by itself, correct. Right, so then if we move to the loss of enjoyment of retirement, which is a completely understandable claim, but why isn't that in the nature of a personal injury claim that the Moss-Magnuson Act specifically precludes? The Magnuson-Moss Warranty Act has in its provisions three forms of action. What was argued in the district court and is also argued in the briefs here relate to breach of warranty. Mr. and Mrs. Kelly fully prevailed on their breach of warranty claims concerning the product itself. They canceled the contract. They were awarded damages for parts and things that were included with that, and they also received some interest in the underlying arbitration award for the loss of use of their money over that period. Right. What we're seeking in federal court under the Magnuson-Moss Act is the collateral damage that was caused by Fleetwood Enterprises engaging in bad faith in the informal or dispute resolution procedures that are mandated under the Magnuson-Moss Act. Well, so first of all, you have to have a claim. Let's just assume you win your claim and that you've stated a claim under the Magnuson-Moss Act. The question is, are you permitted under that claim to receive loss of enjoyment damages when the Act says if you recover under the Act, you can't get personal injury damages? I mean, it seems to me that you're asking as the major part of your claim is a type of damage that's not recoverable under this federal law. I agree with what you said, Your Honor, but I disagree with what you said. All right. We're just trying to sort it all out here. Yes. There are three types of remedies or causes of action under the Magnuson-Moss Warranty Act. The first of those is breach of warranty or breach of the written warranties that are provided. Those are claims that are totally based upon product loss or product type of warranties with personal injury possibly being available under a consequential damage type of claim. The second type of claim that comes in under the Magnuson-Moss Warranty Act is the implied warranty type of claim, which is almost entirely based upon implied warranties under state law. In addition to those two, though, there's this disjunctive thing that says that you can also recover for noncompliance with substantive portions of the Act. In the case law that was presented, you see that people have applied this. Maybe my confusion, or maybe I confused the court in a breeze. I basically said that personal injury type claims on the prior case law talk about, you know, you have these three types of actions. You can get personal injury claims under the substantive portion of the Act. Our position is that the entirety of damages and legal and equitable relief would include the type of damages that we are currently seeking. It is not a personal injury type of claim. A personal injury type of claim to me would be consequential damages, which would be injury arising from the product itself. A brief example saying that if someone was hurt or got sick from some type of product defect, then that would be a personal injury type of claim resulting from the product. What we are asserting is that there are substantive requirements that come out in the general requirements of the Magnuson-Moss Act, including under a full warranty, which we perceive that some of ours are, that would entitle people to relief. For instance, it says that, you know, you need to resolve a complaint within several attempts, and that didn't happen here. It took us 18 months to go through some extended litigation when, in our perception, it was so manifest that this was a defective motor vehicle and they were trying to impose loss upon Mr. and Mrs. Kelly that it occurred. Our pattern evidence would show that this is the purpose. Let me just, to clear up, would you agree that the loss of enjoyment is a non-economic form of damages? Correct. Okay. So then it seems to me our challenge then is to determine whether this non-economic form of damages is akin to a personal injury type of damages. So, for example, because it impinged on their retirement, it's very similar, it seems to me, when you have a personal injury case and somebody says, you know, I want X amount of money for my medical, and I want X amount of money because I really have a loss of enjoyment of a particular activity, and that's part of your personal injury damages, isn't it? May I respond, Your Honor? Sure. If you falsely imprison someone through physical restraint and recover damages for the loss of movement, if you falsely imprison somebody through an economic constraint, you still have the same type of damages. It's what you use with your time. If I asked a standard person, how much will you sell me the first year and a half of your retirement for, I think it would be a substantial claim, and I think it comes in under the concept that Fleetwood did not exercise good faith in their dispute resolution procedures and ran these people through 18 months worth of litigation when it was totally manifest that this was a bad product. Thank you. Thank you. May it please the Court, Tom Sondag on behalf of the FLE Fleetwood Enterprises. I believe that our position is adequately set forth in our brief, and I don't want to belabor those points today, although I will, of course, entertain arguments from the Court. You probably don't want to argue with us. We don't want to argue with you. We just want to ask you some questions. These questions may sound argumentative, but it's bad litigation habits. I appreciate that. I will entertain questions, of course, and won't argue with you either. You would be the first attorney that doesn't argue with us. But I did want to apprise the Court of a development in the state court action, and I considered filing a motion for judicial notice, but I thought that plaintiff's counsel would probably not dispute this, which is that the judge, as you know, at the time of briefing, the plaintiff's claims against the dealer, which went to arbitration, have been resolved by judgment. Since the briefing, the plaintiff's claims against Fleetwood of California, the subsidiary, have been disposed of by a final judgment. And so, as I say, I could file a motion for the Court to take judicial notice of that, but I guess I would defer to the Court. Well, when they ask you to do that, isn't the judgment a matter of record, the terms of the judgment? Yes. What are the terms of the judgment as to Fleetwood of California? It dismissed the claims against Fleetwood. Okay. And as we pointed out in our brief, just as plaintiffs argued that Fleetwood Enterprises was in privity with the dealer in the state court action, they've also said in this case that Fleetwood was in privity with Fleetwood of California, the subsidiary, in the state court case. They said, in fact, that Fleetwood filed the motion to abate at the ‑‑Fleetwood of California, pardon me, filed the motion to abate in the state court case at the direction of Fleetwood Enterprises. Would it matter, though, to their claim in the sense of what they're saying now is this parent corporation really is the one that set into motion this whole circumstance, and whether Fleetwood of California wins or loses, they were out of their motor home for this period of time. Why wouldn't that claim, if it's cognizable, still be on the table in the federal court? Well, I think it's important as a matter of claim preclusion. They could have brought that claim in the state court action. All of the things they're complaining about existed at the time of the state court action. Indeed, they complained that the action was abated as to Fleetwood of California, the subsidiary, in the state court action in lieu of the arbitration. When that case was reinstated, they could easily have alleged all of these claims at that time in the state court action. And so that's what we see the significance of that. Indeed, they are relying on the privity with the arbitrator to try and suggest that the findings in the arbitration are binding in the federal court. And if so, I mean, the privity works both ways, and they should be precluded from bringing the federal court action. And so that's the additional point I wanted to apprise the court of. And unless the court has additional questions, we would rest on our briefs. All right. Thank you. Mr. Grote, you had a moment for a rebuttal if you want to take that. You have a minute left. I would just state that, Your Honor, that the basis for dismissal of the state court claims against the subsidiary was that Mr. and Mrs. Kelly's success in the binding arbitration. So there was an effect from being compelled to arbitrate that ultimately resulted in the court dismissing the state court claim, and the case has been appealed. Thank you. The case of Kelly v. Fleetwood is submitted. We'll take a short break, and the counsel in Volm v. Legacy Health Systems can get organized. All rise. This court shall stand in recess. Thank you.
judges: Goodwin, McKeown, Fisher